NO. 07-99-0035-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 15, 2003

_____

MELVIN THOMAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 98-429185; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

Presenting three points of error, appellant Melvin Thomas challenges his conviction of aggravated robbery and the resulting jury-assessed punishment of 99 years confinement in the Institutional Division of the Department of Criminal Justice. Disagreeing that issues present reversible error, we affirm the judgment of the trial court.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002).

In his three points of error, appellant challenges the legal and factual sufficiency of the evidence and the trial court's refusal to charge the jury on lesser-included offenses of theft and assault. The nature of those challenges requires us to review the relevant trial evidence. The victim of the offense was Sydney Laurentz, a high school student who had gone to a Lubbock city park to read a school assignment. Appellant, who was 35 years old, asked Sydney for a ride to a friend's house. She went to another side of the park, but appellant approached her more than once and reiterated his request. With the hope that he would leave before she finished her assignment, Sydney told him she would give him a ride after she had finished.

Appellant again returned and Sydney agreed to give him a ride. Appellant did not know the address of his friend's house but gave her directions to the place. When they arrived at the house, appellant said his friend was not at home and asked Sydney to drive him home. Appellant again gave her some instructions, but Sydney did not feel they were correct. They eventually stopped at a house on 65th Street where appellant pointed a gun at Sydney and told her to drive into a nearby alley.

Sydney drove through the alley to a parking lot, and appellant told her to get out of the car. In an effort to avoid getting out of her car, Sydney asked if appellant wanted money. He replied by asking her what she had, to which she responded that she had a $100 bill (which was for school project supplies) and put the bill on the seat. Although appellant told her he did not want her money, he took it, put it in his pocket, and forced her out of the car.

2

Appellant grabbed Sydney's hand and began walking down the alley with her. She asked him if he was going to rape her. She testified that when she did so, he responded, "we don't have to call it rape." As she pulled away from appellant, he told her he would shoot her if she did not do as he said. Sydney replied that she would "rather be shot than raped by you." While pulling away from appellant, she fell to the ground. As she did so, she said she heard a gunshot.

The record shows that Sydney suffered a skull fracture. It was the State's position that the fracture was caused by a bullet fired from appellant's gun. Appellant, however, testified at the punishment phase of the trial that the gun went off when he struck her with it. After the shot, appellant ran away. Sydney was able to get up and run towards her car when a resident stopped to help her and called for an ambulance. The police arrested appellant at a nearby store where he paid for his purchases with a $100 bill. As they arrested him, the officers saw blood stains on appellant's clothing, which were found to be consistent with Sydney's blood type. The gun used in the offense was found between the scene of the assault and the store where appellant was arrested.

In the indictment charging appellant with the felony offense of aggravated robbery, the State alleged that appellant caused Sydney bodily injury by striking her with a "hard object" and by shooting her. It was further alleged that appellant abducted Sydney to facilitate the commission of a felony and to violate and abuse her sexually. The indictment also contained an enhancement paragraph which alleged a prior felony robbery conviction.

Appellant testified at the punishment hearing and averred: "I already had it in my mind that I needed some money, so I robbed - - I caught myself robbing her." He stated that he never intended to harm Sydney, and "[his] only intention was to get money." He admitted that he took Sydney down the alley "to leave her somewhere where [he] could use her car," but he said that he did not intend to rape her. Finding the enhancement paragraph was true and that appellant used a deadly weapon in the commission of the offense, the jury assessed the 99-year sentence.

As we have noted, in his first two points, appellant challenges the legal and factual sufficiency of the evidence to sustain the conviction. The standards by which we determine these challenges are so well established by now that it is not necessary to reiterate them. *See Jackson v. Virginia*, 443 U.S. 307, 309, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Suffice it to say that we must first determine if the evidence is legally sufficient, and if it is not legally sufficient, render an acquittal judgment. If the evidence is legally sufficient, we must then determine if it is factually sufficient, utilizing the standards explicated in *Clewis*. *See Clewis,* 922 S.W.2d at 134.

Appellant challenges the sufficiency of the evidence to support the theft element of robbery. Section 29.02 of the Penal Code provides that a person commits robbery when he commits theft as defined in Chapter 31 of the Penal Code and with intent to obtain or maintain control over the property causes bodily injury to another or places another in fear of imminent bodily injury or death. Tex. Pen. Code Ann. § 29.02 (Vernon 1994). The

4

offense becomes aggravated if the person 1) causes serious bodily injury, 2) uses or exhibits a deadly weapon, or 3) the victim is at least 65 or is disabled. *Id.* § 29.03(a). As we noted above, appellant only challenges the finding that he committed theft and does not challenge the issue as to placing Sydney in fear of imminent bodily injury or death.

Theft is defined in section 31.03(a) as the unlawful appropriation of property with the intent to deprive the owner of the property. *Id.* § 31.03(a) (Vernon Supp. 2003). Appropriation is unlawful if it is without effective consent. *Id.* § 31.03(b)(1). Consent given under coercion is not effective. *Id.* § 31.01(3)(A). Appellant contends there was no evidence of an intent to take control of his victim's property. He argues that Sydney's testimony that he said, "I don't want your money," is the only evidence on the issue of intent and the finding on that issue is contrary to the evidence. We disagree.

Intent can be inferred from conduct. *Dues v. State*, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982). The evidence is undisputed that appellant took the money and that he purchased items from a nearby store with a $100 bill. The jury could properly infer his intent to deprive the owner of the money. *Id*. The evidence is legally sufficient to support a finding of theft. Reviewing all of the evidence, and mindful of the maxim that actions speak louder than words, we cannot find that the jury's resolution of the question was so against the weight of the evidence as to be manifestly unjust.

Having found the evidence to be sufficient to support a finding of theft, we must determine whether that finding, when taken together with the evidence of assault, is sufficient to support each element required to justify a robbery finding. Recently, in *Cooper*

5

*v. State*, 67 S.W.3d 221 (Tex. Crim. App. 2002), the Court of Criminal Appeals had occasion to consider the evidentiary requirements to establish the nexus between assault and theft sufficient to prove robbery. In considering that question, the court held that the commission of theft immediately following an assault is sufficient to support an inference that the assault was with the intent to commit the theft. *Id*. at 223-24. Here, the record shows the assault, committed by placing Sydney in fear of serious bodily injury, was a continuous event extending before and after the theft. Under the instruction of the *Cooper* court, the evidence supports an inference of appellant's intent and is legally sufficient to support the jury's verdict of guilt on the robbery charge.

The only evidence controverting an inference of intent was the statement that appellant did not want Sydney's money. Under all the surrounding circumstances, we cannot say that the jury's finding was so contrary to the overwhelming weight of the evidence as to be manifestly unjust. Parenthetically, we note the State's reliance upon *DeGarmo v. State*, 691 S.W.2d 657, 660 (Tex. Crim. App.), *cert. denied,* 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985), which held that an admission of guilt by a defendant during the punishment phase of a criminal trial waives any challenge as to the sufficiency of the evidence presented at the guilt or innocence phase. In doing so, the State argues that appellant's admission of guilt at the punishment phase waived his challenge to the sufficiency of the evidence to sustain the conviction. However, in *LeDay v. State*, 983 S.W.2d 713 (Tex. Crim. App. 1998), the court held that admissions of guilt at punishment should not be viewed as waivers of several types of trial errors, including challenges to the admission of evidence and the legal sufficiency of the evidence. *Id.* at 721-22. Even so,

6

we do not believe the holding in *LeDay* precludes our consideration of appellant's punishment phase admission of his intent to use the gun to obtain control of Sydney's property in reviewing the factual sufficiency of the evidence of guilt. *Id.* Appellant's first two points are overruled.

In his third point of error, appellant contends the trial court reversibly erred in refusing to charge the jury on the lesser-included offenses of aggravated assault and theft. In determining whether a charge is required on lesser-included offenses, our Court of Criminal Appeals has adopted a two-step test. *See Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985); *Royster v. State*, 622 S.W.2d 442, 444 (Tex. Crim. App. 1981). The first step is to decide whether the offense for which a charge is sought is actually a lesser-included offense of the one charged. *Feldman v. State*, 71 S.W.3d 738, 750-51 (Tex. Crim. App. 2002). The second step requires us to determine if the record contains some evidence that would permit a rational jury to find that if the defendant is guilty, he is only guilty of the lesser offense. *Id.* Anything more than a scintilla of evidence is sufficient to entitle appellant to a lesser charge. *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994).

Theft and assault are lesser-included offenses of robbery. *Jones v. State*, 984 S.W.2d 254, 256 (Tex. Crim. App. 1998). As we have discussed, the evidence is sufficient to establish theft, and appellant has not challenged the sufficiency of the evidence to establish assault, *i.e.*, that he intentionally threatened Sydney with imminent bodily harm. *See* Tex. Pen. Code Ann. § 22.01(a) (Vernon Supp. 2003). The element that distinguishes

7

these offenses from robbery is whether the assault was committed with the intent to commit the theft.  *See Id.* §§ 29.02 and 29.03 (Vernon 1994).

Appellant argues that the evidence that he said he did not want Sydney's money is more than a scintilla of evidence from which a jury could find that if he was guilty, he was only guilty of one, or both, of the lesser offenses.  However, while the holding in *LeDay* overruled that portion of the *DeGarmo* holding that an admission of guilt at the punishment hearing waived virtually all trial error, it left intact that portion of the holding that an admission of guilt at the punishment hearing waived any challenge to the sufficiency of the evidence to sustain the conviction of the principal charge.  *LeDay*, 983 S.W.2d at 721.  In doing so, the court commented that it would be an exercise in futility to reverse for insufficiency of the evidence because a defendant's admission of guilt at the punishment hearing could be used against him at a retrial.  *Id.; see also* Tex. R. Evid. 803(24)and 804(b)(1).  Appellant's third point is overruled.

In summary, none of appellant's points reveal reversible error.  They are overruled and the judgment of the trial court is affirmed.

Per Curiam

Do not publish.