NO. 07-06-0069-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 28, 2007
_____

ISMAEL M. DIAZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-408903; HONORABLE RON CHAPMAN, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Ismael Diaz, appeals his conviction for capital murder and mandatory sentence of life imprisonment.  Appellant contends that the trial court erred in overruling appellant's objection to testimony about a statement made by appellant while in police custody and in denying appellant's motion for directed verdict.  We affirm.

## Factual Background

On April 17, 2005, appellant went to the Copper Caboose restaurant to see Jason Delarosa. The reason for the visit was contested throughout the trial, however, appellant was told to come back around 10:00 p.m. when Delarosa got off work. At approximately 10:00 p.m., Delarosa left the restaurant with appellant and a fellow worker, Hector Villarreal. All three men got into Delarosa's vehicle with Delarosa in the driver's seat, Villarreal in the front passenger seat, and appellant in the back seat. As the car started to leave the parking lot, an altercation between appellant and the other two individuals broke out. Eventually, Villarreal fled the car and went back inside the restaurant stating he had been stabbed. Villarreal collapsed inside the restaurant and eventually died of a stab wound to the heart. As the Delarosa vehicle was rolling through the parking lot in reverse, Delarosa and appellant exited the vehicle while engaged in a fight. Witnesses came out of the restaurant and saw appellant holding Delarosa up by the neck and making a stabbing motion. As the witnesses approached the fight, they observed appellant reach inside Delarosa's pocket and come out with some currency. Appellant attempted to flee, but dropped the money. When he stopped to pick up the money, he was detained by the witnesses until the police arrived.

## Testimony Regarding Appellant's Demeanor

Initially, appellant contends that the trial court erred in allowing a witness to testify about appellant's demeanor when confronted with the news that Villarreal had died from the stab wounds inflicted by appellant. On appeal, appellant claims that allowing this

testimony was the equivalent of commenting on appellant's right of silence following his arrest.

The State posits that this issue has been waived by appellant because the objection at trial was different than the issue on appeal. Initially, we must review the requirements for preservation of a complaint for appeal. A party is required, to preserve a complaint for appellate review, to (1) make a timely request, objection, or motion; (2) state the grounds with sufficient specificity to make the trial court aware of the complaint; and (3) obtain a ruling from the trial court, either express or implicit, or a refusal by the trial court to rule on the request, objection or motion. See TEX. R. APP. P. 33.1.

In the present case, appellant's objection at the time of trial was that the testimony regarding appellant's demeanor when informed of Villarreal's death was immaterial and irrelevant and that the question called for the witness to speculate as to appellant's thought process. Nowhere in the ensuing colloquy between the court and appellant's counsel does the subject matter of commenting upon appellant's post arrest right of silence appear. Therefore, the issue appellant advances on appeal was never presented to the trial court and, thus, was not preserved. See Id.; Bader v. State, 15 S.W.3d 599, 603 (Tex.App.–Austin 2000, pet. ref'd). As the issue was not presented to the trial court for consideration, it has been waived. Ransom v. State, 789 S.W.2d 572, 584-85 (Tex.Crim.App. 1989). Appellant's first issue is overruled.

**Factual and Legal Sufficiency**

Appellant next contends that the trial court erred in denying his motion for directed verdict, allegedly because the evidence was factually or legally insufficient. The proper standard for reviewing the denial of a motion for directed verdict is the legal sufficiency of the evidence. Williams v. State, 937 S.W.2d 479, 482 (Tex.Crim.App. 1996). However, appellant also raises challenges to the factual sufficiency of the evidence. Accordingly, we will review both the legal and factual sufficiency of the evidence. When reviewing challenges to both the legal and factual sufficiency of the evidence to support the verdict, we first review the legal sufficiency challenge. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). If the evidence is legally sufficient to support the verdict, we then review the factual sufficiency challenge, if properly raised. See id.

Legal Sufficiency

In reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). The jury is the sole judge of the weight and credibility of the evidence. Jackson, 443 U.S. at 319.

As pertinent to this case, a person commits the offense of capital murder when he commits murder in the course of committing or attempting to commit robbery. See TEX.

4

PEN. CODE ANN. § 19.03(a)(2) (Vernon Supp. 2005). A person commits robbery if he unlawfully appropriates property with intent to deprive the owner of the property and, with the intent to obtain or maintain control of the property, he "intentionally, knowingly, or recklessly causes bodily injury to another; or intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." TEX. PEN. CODE ANN. §§ 29.02(a); 31.03(a) (Vernon Supp. 2005).

Appellant contends that, for the State to have legally sufficient evidence to sustain its conviction, it must show that the murder victim and the robbery victim were the same person. To this end, appellant cites the court to its opinion in Hall v. State, 970 S.W.2d 137, 140-41 (Tex.App.–Amarillo 1998, pet. ref'd), wherein appellant alleges that we held that, for a capital murder conviction to stand, the evidence must prove that the accused killed the victim in furtherance of an intent to take the victim's money. From this construction of Hall, appellant urges that, since Villarreal was the victim of the murder and Delarosa was the victim of the robbery, the evidence is legally insufficient.

Appellant is wrong for three reasons. First, Hall does not hold that the victim of the robbery and murder need be the same to support a capital murder conviction. Rather, the question at issue in Hall related solely to when the requisite intent to take the murder victim's property was formed. Id. Appellant's construction takes a single statement out of context to present a meaning never intended. Id. Second, appellant's construction of the capital murder statute would add an element not required by the statute, that the victim of the robbery and murder be identical. See TEX. PEN. CODE ANN. § 19.03(a)(2) (Vernon Supp. 2005). Finally, appellant's construction of the law ignores existing precedent from

5

the Texas Court of Criminal Appeals. In <u>Garcia</u>, the accused shot and killed one person while robbing a second person and the Court of Criminal Appeals stated while evaluating the evidence, "There is no clearer example of a murder committed in the course of robbery." <u>Garcia v. State</u>, 887 S.W.2d 862, 869 (Tex.Crim.App. 1994), <u>overruled on other grounds by Hammock v. State</u>, 46 S.W.3d 889 (Tex.Crim.App. 2001). In <u>Rougeau,</u> the issue was the requisite notice necessary when the victim of the aggravating conduct is different than the murder victim. <u>Rougeau v. State</u>, 738 S.W.2d 651, 656 (Tex.Crim.App. 1987), <u>overruled on other grounds by Harris v. State</u>, 784 S.W.2d 5, 19 (Tex.Crim.App. 1989). The clear message of <u>Garcia</u> and <u>Rougeau</u> is that the victims of the murder and the aggravating conduct are not required to be the same person.

Within the same argument, appellant then complains that the intent to commit robbery was formulated after the assault on Villarreal was completed. Therefore, according to appellant's theory, there was legally insufficient proof to sustain a verdict of guilt as to capital murder. To support this position, appellant cites the court to an unpublished opinion of this court which states that "The point at which the accused developed the requisite intent for robbery is critical, for it must show that he intended to take the victim's property before, or as, he murdered." <u>Esquivel v. State</u>, No. 07-01-0106-CR, 2002 WL 959912, at *3 (Tex.App.–Amarillo May 9, 2002) (not designated for publication). However, appellant misconstrues the holding in <u>Esquivel</u>. The court proceeded, after the quoted portion, to point out that the evidence is sufficient when the State proves the robbery of the victim occurred immediately after the murder of the victim. <u>Id</u>. Further, in determining appellant's intent at the time, the fact finder is free to look to the

6

conduct of the accused and make reasonable inferences therefrom. Id. When taken together, it is apparent that this court was of the same opinion expressed by the Court of Criminal Appeals in Cooper v. State, 67 S.W.3d 221, 224 (Tex.Crim.App. 2002). In Cooper, the court stated, "The general rule is still that a theft occurring immediately after an assault will support an inference that the assault was intended to facilitate the theft." Id. Further, the Court of Criminal Appeals went on to state that the inference of motive that arises when a theft immediately follows an assault is not negated by evidence of an alternative motive that the jury could rationally disregard. Id.

In the present case, the State's theory was that appellant was broke and knew that Delarosa had an amount of money on his person. According to the State's theory, appellant intended to rob Delarosa before any altercation began. To accomplish the robbery, appellant needed to get rid of Villarreal. The record reflects the testimony that appellant attacked Villarreal first, and after Villarreal fled to the restaurant, began attacking Delarosa. When witnesses arrived at the scene of the assault, appellant was seen taking money from Delarosa. This evidence is sufficient for a rational jury to conclude that appellant intended to rob Delarosa prior to his assault on Villarreal and that the assault on Villarreal was in furtherance of the robbery.

The jury heard all of the evidence and concluded that the theory proffered by the State was correct. It is the jury's province to reconcile inconsistent evidence based on their collective determination about the believability of the witnesses. Jackson, 443 U.S. at 319. We cannot say that the jury's verdict was irrational. Id. Accordingly, we overrule appellant's contention that the evidence was legally insufficient.

Factual Sufficiency

Having determined that the evidence was legally sufficient, we now address the factual sufficiency of the evidence. When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency review, we are to give deference to the fact finder's determinations and may not order a new trial simply because we may disagree with the verdict. See id. at 417. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. Additionally, an appellate opinion addressing factual sufficiency must include a discussion of the most important evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

Our review of the record convinces us that the jury was rationally justified in finding the appellant guilty of the offense of capital murder. Watson, 204 S.W.3d at 415. Further, we cannot point to an objective basis in the record that demonstrates that the great weight and preponderance of the evidence contradicts the jury's verdict. Id. at 417. At best, the record simply gives the jury two conflicting versions of what happened on the night in question.

Appellant highlights Delarosa's testimony about how and why the fight began and contends that this evidence undermines the verdict by establishing that appellant was the one that was attacked. However, in reviewing the evidence the following is noted: 1) the testimony of the police department crime scene analyst does not substantiate appellant's claim that the attack on Delarosa did not begin in the car; 2) the events described by the witnesses both inside and outside the restaurant is supportive of Delarosa's testimony about a continuing assault by appellant, first on Villarreal and then on Delarosa; 3) the allegation by appellant that Villarreal was in a cocaine-driven anxiety is based solely upon the testimony of one witness who stated that Villarreal appeared to be sweating, but the jury also heard testimony that Villarreal had just come from the kitchen where he had been working and that it was hot in the kitchen. A total review of all of the evidence, without the prism of viewing the evidence in the light most favorable to the verdict, reveals that the jury heard conflicting stories about the night in question and, by its verdict, the jury resolved the conflict against appellant. We cannot say that the jury's decision was not rational and, therefore, can point to no objective reason for overturning the verdict. Watson, 204 S.W.3d at 415-17. Accordingly, we overrule appellant's contention that the evidence was factually insufficient.

## Conclusion

Having overruled appellant's issues, the judgment of the trial court is affirmed.

Mackey K. Hancock
Justice

Do not publish.

9