NO. 07-06-0069-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 28, 2007


______________________________



ISMAEL M. DIAZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2005-408903; HONORABLE RON CHAPMAN, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellant, Ismael Diaz, appeals his conviction for capital murder and mandatory
sentence of life imprisonment. Appellant contends that the trial court erred in overruling
appellant's objection to testimony about a statement made by appellant while in police
custody and in denying appellant's motion for directed verdict. We affirm.



Factual Background


 On April 17, 2005, appellant went to the Copper Caboose restaurant to see Jason
Delarosa. The reason for the visit was contested throughout the trial, however, appellant
was told to come back around 10:00 p.m. when Delarosa got off work. At approximately
10:00 p.m., Delarosa left the restaurant with appellant and a fellow worker, Hector
Villarreal. All three men got into Delarosa's vehicle with Delarosa in the driver's seat,
Villarreal in the front passenger seat, and appellant in the back seat. As the car started to
leave the parking lot, an altercation between appellant and the other two individuals broke
out. Eventually, Villarreal fled the car and went back inside the restaurant stating he had
been stabbed. Villarreal collapsed inside the restaurant and eventually died of a stab
wound to the heart. As the Delarosa vehicle was rolling through the parking lot in reverse,
Delarosa and appellant exited the vehicle while engaged in a fight. Witnesses came out
of the restaurant and saw appellant holding Delarosa up by the neck and making a
stabbing motion. As the witnesses approached the fight, they observed appellant reach
inside Delarosa's pocket and come out with some currency. Appellant attempted to flee,
but dropped the money. When he stopped to pick up the money, he was detained by the
witnesses until the police arrived.

Testimony Regarding Appellant's Demeanor


 Initially, appellant contends that the trial court erred in allowing a witness to testify
about appellant's demeanor when confronted with the news that Villarreal had died from
the stab wounds inflicted by appellant. On appeal, appellant claims that allowing this
testimony was the equivalent of commenting on appellant's right of silence following his
arrest. 

 The State posits that this issue has been waived by appellant because the objection
at trial was different than the issue on appeal. Initially, we must review the requirements
for preservation of a complaint for appeal. A party is required, to preserve a complaint for
appellate review, to (1) make a timely request, objection, or motion; (2) state the grounds
with sufficient specificity to make the trial court aware of the complaint; and (3) obtain a
ruling from the trial court, either express or implicit, or a refusal by the trial court to rule on
the request, objection or motion. See Tex. R. App. P. 33.1. 

 In the present case, appellant's objection at the time of trial was that the testimony
regarding appellant's demeanor when informed of Villarreal's death was immaterial and
irrelevant and that the question called for the witness to speculate as to appellant's thought
process. Nowhere in the ensuing colloquy between the court and appellant's counsel does
the subject matter of commenting upon appellant's post arrest right of silence appear. 
Therefore, the issue appellant advances on appeal was never presented to the trial court
and, thus, was not preserved. See Id.; Bader v. State, 15 S.W.3d 599, 603
(Tex.App.-Austin 2000, pet. ref'd). As the issue was not presented to the trial court for
consideration, it has been waived. Ransom v. State, 789 S.W.2d 572, 584-85
(Tex.Crim.App. 1989). Appellant's first issue is overruled.



Factual and Legal Sufficiency


 Appellant next contends that the trial court erred in denying his motion for directed
verdict, allegedly because the evidence was factually or legally insufficient. The proper
standard for reviewing the denial of a motion for directed verdict is the legal sufficiency of
the evidence. Williams v. State, 937 S.W.2d 479, 482 (Tex.Crim.App. 1996). However,
appellant also raises challenges to the factual sufficiency of the evidence. Accordingly, we
will review both the legal and factual sufficiency of the evidence. When reviewing
challenges to both the legal and factual sufficiency of the evidence to support the verdict,
we first review the legal sufficiency challenge. See Clewis v. State, 922 S.W.2d 126, 133
(Tex.Crim.App. 1996). If the evidence is legally sufficient to support the verdict, we then
review the factual sufficiency challenge, if properly raised. See id.

Legal Sufficiency

 In reviewing the legal sufficiency of the evidence, we review all the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133
S.W.3d 618, 620 (Tex.Crim.App. 2004). The jury is the sole judge of the weight and
credibility of the evidence. Jackson, 443 U.S. at 319. 

 As pertinent to this case, a person commits the offense of capital murder when he
commits murder in the course of committing or attempting to commit robbery. See Tex.
Pen. Code Ann. § 19.03(a)(2) (Vernon Supp. 2005). A person commits robbery if he
unlawfully appropriates property with intent to deprive the owner of the property and, with
the intent to obtain or maintain control of the property, he "intentionally, knowingly, or
recklessly causes bodily injury to another; or intentionally or knowingly threatens or places
another in fear of imminent bodily injury or death." Tex. Pen. Code Ann. §§ 29.02(a);
31.03(a) (Vernon Supp. 2005). 

 Appellant contends that, for the State to have legally sufficient evidence to sustain
its conviction, it must show that the murder victim and the robbery victim were the same
person. To this end, appellant cites the court to its opinion in Hall v. State, 970 S.W.2d
137, 140-41 (Tex.App.-Amarillo 1998, pet. ref'd), wherein appellant alleges that we held
that, for a capital murder conviction to stand, the evidence must prove that the accused
killed the victim in furtherance of an intent to take the victim's money. From this
construction of Hall, appellant urges that, since Villarreal was the victim of the murder and
Delarosa was the victim of the robbery, the evidence is legally insufficient. 

 Appellant is wrong for three reasons. First, Hall does not hold that the victim of the
robbery and murder need be the same to support a capital murder conviction. Rather, the
question at issue in Hall related solely to when the requisite intent to take the murder
victim's property was formed. Id. Appellant's construction takes a single statement out of
context to present a meaning never intended. Id. Second, appellant's construction of the
capital murder statute would add an element not required by the statute, that the victim of
the robbery and murder be identical. See Tex. Pen. Code Ann. § 19.03(a)(2) (Vernon
Supp. 2005). Finally, appellant's construction of the law ignores existing precedent from
the Texas Court of Criminal Appeals. In Garcia, the accused shot and killed one person
while robbing a second person and the Court of Criminal Appeals stated while evaluating
the evidence, "There is no clearer example of a murder committed in the course of
robbery." Garcia v. State, 887 S.W.2d 862, 869 (Tex.Crim.App. 1994), overruled on other
grounds by Hammock v. State, 46 S.W.3d 889 (Tex.Crim.App. 2001). In Rougeau, the
issue was the requisite notice necessary when the victim of the aggravating conduct is
different than the murder victim. Rougeau v. State, 738 S.W.2d 651, 656 (Tex.Crim.App.
1987), overruled on other grounds by Harris v. State, 784 S.W.2d 5, 19 (Tex.Crim.App.
1989). The clear message of Garcia and Rougeau is that the victims of the murder and the
aggravating conduct are not required to be the same person. 

 Within the same argument, appellant then complains that the intent to commit
robbery was formulated after the assault on Villarreal was completed. Therefore,
according to appellant's theory, there was legally insufficient proof to sustain a verdict of
guilt as to capital murder. To support this position, appellant cites the court to an
unpublished opinion of this court which states that "The point at which the accused
developed the requisite intent for robbery is critical, for it must show that he intended to
take the victim's property before, or as, he murdered." Esquivel v. State, No. 07-01-0106-CR, 2002 WL 959912, at *3 (Tex.App.-Amarillo May 9, 2002) (not designated for
publication). However, appellant misconstrues the holding in Esquivel. The court
proceeded, after the quoted portion, to point out that the evidence is sufficient when the
State proves the robbery of the victim occurred immediately after the murder of the victim. 
Id. Further, in determining appellant's intent at the time, the fact finder is free to look to the
conduct of the accused and make reasonable inferences therefrom. Id. When taken 
together, it is apparent that this court was of the same opinion expressed by the Court of
Criminal Appeals in Cooper v. State, 67 S.W.3d 221, 224 (Tex.Crim.App. 2002). In
Cooper, the court stated, "The general rule is still that a theft occurring immediately after
an assault will support an inference that the assault was intended to facilitate the theft." 
Id. Further, the Court of Criminal Appeals went on to state that the inference of motive that
arises when a theft immediately follows an assault is not negated by evidence of an
alternative motive that the jury could rationally disregard. Id.

 In the present case, the State's theory was that appellant was broke and knew that
Delarosa had an amount of money on his person. According to the State's theory,
appellant intended to rob Delarosa before any altercation began. To accomplish the
robbery, appellant needed to get rid of Villarreal. The record reflects the testimony that
appellant attacked Villarreal first, and after Villarreal fled to the restaurant, began attacking
Delarosa. When witnesses arrived at the scene of the assault, appellant was seen taking
money from Delarosa. This evidence is sufficient for a rational jury to conclude that
appellant intended to rob Delarosa prior to his assault on Villarreal and that the assault on
Villarreal was in furtherance of the robbery.

 The jury heard all of the evidence and concluded that the theory proffered by the
State was correct. It is the jury's province to reconcile inconsistent evidence based on their
collective determination about the believability of the witnesses. Jackson, 443 U.S. at 319. 
We cannot say that the jury's verdict was irrational. Id. Accordingly, we overrule
appellant's contention that the evidence was legally insufficient.

Factual Sufficiency

 Having determined that the evidence was legally sufficient, we now address the
factual sufficiency of the evidence. When an appellant challenges the factual sufficiency
of the evidence supporting his conviction, the reviewing court must determine whether,
considering all the evidence in a neutral light, the jury was rationally justified in finding the
appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415
(Tex.Crim.App. 2006). In performing a factual sufficiency review, we are to give deference
to the fact finder's determinations and may not order a new trial simply because we may
disagree with the verdict. See id. at 417. As an appellate court, we are not justified in
ordering a new trial unless there is some objective basis in the record demonstrating that
the great weight and preponderance of the evidence contradicts the jury's verdict. See id. 
Additionally, an appellate opinion addressing factual sufficiency must include a discussion
of the most important evidence that appellant claims undermines the jury's verdict. Sims
v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

 Our review of the record convinces us that the jury was rationally justified in finding
the appellant guilty of the offense of capital murder. Watson, 204 S.W.3d at 415. Further,
we cannot point to an objective basis in the record that demonstrates that the great weight
and preponderance of the evidence contradicts the jury's verdict. Id. at 417. At best, the
record simply gives the jury two conflicting versions of what happened on the night in
question. 

 Appellant highlights Delarosa's testimony about how and why the fight began and
contends that this evidence undermines the verdict by establishing that appellant was the
one that was attacked. However, in reviewing the evidence the following is noted: 1) the
testimony of the police department crime scene analyst does not substantiate appellant's
claim that the attack on Delarosa did not begin in the car; 2) the events described by the
witnesses both inside and outside the restaurant is supportive of Delarosa's testimony
about a continuing assault by appellant, first on Villarreal and then on Delarosa; 3) the
allegation by appellant that Villarreal was in a cocaine-driven anxiety is based solely upon
the testimony of one witness who stated that Villarreal appeared to be sweating, but the
jury also heard testimony that Villarreal had just come from the kitchen where he had been
working and that it was hot in the kitchen. A total review of all of the evidence, without the
prism of viewing the evidence in the light most favorable to the verdict, reveals that the jury
heard conflicting stories about the night in question and, by its verdict, the jury resolved the
conflict against appellant. We cannot say that the jury's decision was not rational and,
therefore, can point to no objective reason for overturning the verdict. Watson, 204
S.W.3d at 415-17. Accordingly, we overrule appellant's contention that the evidence was
factually insufficient.

Conclusion


 Having overruled appellant's issues, the judgment of the trial court is affirmed.

 Mackey K. Hancock

 Justice

Do not publish.