**Herbert Hubert COOPER, Appellant,**

v.

**The STATE of Texas.**

**No. 2055–00.**

Court of Criminal Appeals of Texas.

Jan. 30, 2002.

Jess Williams, Beaumont, for Appellant.

Wayln G. Thompson, Asst. DA, Beaumont, Matthew Paul, State's Attorney, Austin, for State.

## *OPINION*

KELLER, P.J., delivered the opinion of the Court in which WOMACK, KEASLER, HERVEY, and HOLCOMB, JJ., joined.

A person commits robbery if, "in the course of committing theft" and with the intent to obtain or maintain control of the property, he assaults another person.[1] In this case, we consider whether evidence that a theft occurred immediately after an assault is sufficient to establish that the assault was committed "in the course of committing theft."

### 1. Facts

■ Appellant, recently paroled from prison, was living with his aunt and his uncle, E.W. Bluiett. Bluiett took appellant with him one day to help him work on a fence. As Bluiett was about to put a fence post into the ground, appellant struck him from behind without any warning. A struggle followed and both men fell to the ground. While appellant repeatedly struck Bluiett, Bluiett asked appellant, "What's the matter? What's the matter?" Appellant did not answer. When Bluiett released his grip on appellant, appellant stood up, walked to Bluiett's truck, got into it, and drove away. About an hour later, appellant was found in a neighboring town with the truck broken down, trying to fix it. He was arrested for public intoxication.

### 2. Court of Appeals opinion

The Court of Appeals found that the above evidence was insufficient to establish

---

1. Texas Penal Code § 29.02(a)(1).

a nexus between the assault and the theft.[2] The Court of Appeals cited cases from this Court for the proposition that evidence will be sufficient to show a nexus if it shows that the theft occurred immediately after the assault.[3] However, the Court of Appeals believed that we had clarified the issue in *Nelson*, in which we indicated that, in the capital murder context, it is possible to have murder followed by theft without having murder in the course of robbery.[4] From *Nelson*, the Court of Appeals concluded that "the immediacy of the theft following the assault is a factor to be considered, but absent other evidence from which to infer at what time appellant developed the requisite intent to take the truck, we cannot say that any rational trier of fact could have found that element of robbery proven beyond a reasonable doubt."[5]

### 3. Analysis

In *McGee*, we remarked that we had held "numerous times" that evidence is sufficient to prove murder "in the course of" committing robbery in a capital murder case if the State proves that the robbery occurred immediately after the murder.[6] Our pronouncement in *McGee* was specifically directed at the nexus requirement between robbery and murder. But we said in *Ibanez* that the nexus requirement for capital murder involving murder in the course of a robbery is the same as the nexus requirement in a robbery between

the assault and the theft.[7] Our holdings in *McGee* and *Ibanez* thus indicated that in a robbery case the nexus is sufficiently proven if the State proves that the theft occurred immediately after the assault. In *Nelson*, we appeared to qualify that holding by indicating the possibility that such circumstances would not always be sufficient to show a robbery:

> Appellant refers us to two of our recent treatments of this issue and complains that we seem to be suggesting that in all cases where there is evidence that a theft occurs after the victim is murdered this evidence will support a jury finding of murder in the course of a robbery. See Huffman v. State... and McGee v. State.... It is true that in both of the above-cited cases we stated that the evidence will be sufficient if the State proves that a robbery of the victim occurred immediately after the murder of the victim.... Contrary to the suggestion of appellant, we recognize that it is possible to have murder followed by theft without having murder in the course of robbery. What elevates the occurrence of theft to robbery is the presence, at the time of, or prior to, the murder, of the intent to obtain or maintain control of the victim's property.[8]

In the next paragraph in *Nelson*, we analyzed the record and found that the robbery nexus was supported by evidence showing a motive to steal, including evidence of the defendant's financial difficul-

**2.** *Cooper v. State*, 29 S.W.3d 901 (Tex.App.-Beaumont 2000).

**3.** *Id.* at 904 (citing *McGee v. State*, 774 S.W.2d 229, 234 (Tex.Crim.App.1989), *cert. denied*, 494 U.S. 1060, 110 S.Ct. 1535, 108 L.Ed.2d 774 (1990)).

**4.** *Id.* (citing and quoting *Nelson v. State*, 848 S.W.2d 126(Tex.Crim.App.1992)(plurality opinion)).

**5.** *Id.*

**6.** *McGee v. State*, 774 S.W.2d 229, 234 (Tex.Crim.App.1989).

**7.** *Ibanez v. State*, 749 S.W.2d 804, 807 (Tex.Crim.App.1986).

**8.** *Nelson v. State*, 848 S.W.2d 126, 131–132 (Tex.Crim.App.1992) (citations omitted; ellipses inserted).

ties and drug use.[9] Although the defendant offered evidence of a different motive for murder—rage against the deceased for looking at appellant in a homosexually lustful way—we held that a rational jury could reject that evidence.[10]

■ We believe the Court of Appeals has read too much into *Nelson,* and we take this opportunity to clarify the matter. The Court of Appeals read *Nelson* to mean that the immediacy of a theft following an assault is a factor to be considered, but would be insufficient in the absence of other evidence supporting the nexus. This interpretation of our cases, however, goes too far in abrogating the general rule of *McGee.* The *absence* of additional evidence will not defeat the natural inference allowed by *McGee;* even if there is no other evidence of a nexus, that inference will support a conviction. Moreover, *Nelson* was a plurality opinion. As such, it has "limited precedential value" or even "no precedential value." [11] The general rule is still that a theft occurring immediately after an assault will support an inference that the assault was intended to facilitate the theft.

■ The question remaining is whether, and under what circumstances, evidence of a motive other than theft can negate the natural inference that arises when a theft immediately follows an assault. We need not, in this case, attempt to answer that question comprehensively but simply hold that the inference will not be negated by

evidence of an alternative motive that the jury could rationally disregard.

Appellant testified that, at the time of the attack, he was hearing voices and thought his uncle was hitting a child. When appellant was asked why he took the truck, he said, "Well, I needed—I didn't know what I was doing. I just ran and jumped in the truck and just took off." The jury could have rationally disbelieved this testimony. The evidence in this case is sufficient to support an inference that the assault was committed in the course of the commission of the theft.

We reverse the judgment of the Court of Appeals and affirm the judgment of the trial court.

KEASLER, J. filed a concurring opinion in which HERVEY, J., joined.

MEYERS, J., filed a dissenting opinion in which PRICE, JOHNSON and COCHRAN, JJ., joined.

KEASLER, J., filed this concurring opinion, joined by HERVEY, J.

This is a simple case. To prove Cooper's guilt, the State had to prove that he assaulted Blueitt "in the course of" taking his truck.[1] This means the State had to prove that at the time Cooper assaulted Blueitt, he intended to take the truck.[2] If the theft was committed "as an afterthought and unrelated to" the assault, then the evidence was insufficient to show a robbery.[3]

**9.** *Id.* at 132.

**10.** *Id.*

**11.** *Ex parte Anderer,* 61 S.W.3d 398 (Tex. Crim.App.2001).

**1.** *See* Tex. Penal Code § 29.02.

**2.** *See Ibanez v. State,* 749 S.W.2d 804, 807 (Tex.Crim.App.1986). *See also Alvarado v. State,* 912 S.W.2d 199, 207 (Tex.Crim.App.

1995); *Robertson v. State,* 871 S.W.2d 701, 705 (Tex.Crim.App.1993), cert. denied, 513 U.S. 853, 115 S.Ct. 155, 130 L.Ed.2d 94 (1994); *Riles v. State,* 595 S.W.2d 858, 861–62 (Tex.Crim.App.1980).

**3.** *Alvarado,* 912 S.W.2d at 207; *Moody v. State,* 827 S.W.2d 875, 892 (Tex.Crim.App.), cert. denied, 506 U.S. 839, 113 S.Ct. 119, 121 L.Ed.2d 75 (1992); *O'Pry v. State,* 642 S.W.2d 748, 762 (Tex.Crim.App.1981) (op. on reh'g).

The Court of Appeals seemed to find some conflict between *McGee v. State*[4] and *Nelson v. State*.[5] The appellate court viewed *McGee* as setting out a "bright-line rule" that, if the theft occurs immediately after the assault, then the evidence is sufficient to show that the assault was committed "in the course of" the theft.[6] The court felt that *Nelson* "clarified" our position by pointing out that it is possible for a person to commit, first, a murder, and second, a theft, and have these offenses not constitute capital murder.[7]

But *Nelson* said nothing new. We had previously noted many times that a theft could be committed "as an afterthought and unrelated to" a murder and that would not satisfy the "in the course of" requirement.[8] That acknowledgment in no way increases the State's burden of proof. In a robbery case, the State still must prove that the theft occurred "in the course of" the assault. The defendant must form the intent to commit the theft either before or during the assault.

The critical rule of law which the court of appeals overlooked is that intent may be inferred from the acts and conduct of the defendant.[9] The court of appeals held that "the immediacy of the theft following the assault is a factor to be considered, but absent other evidence from which to infer at what time [Cooper] developed the requisite intent to take the truck, we cannot say that any rational trier of fact could have found that element of robbery proven beyond a reasonable doubt."[10] The court apparently would require the State to psychoanalyze Cooper and prove his thought processes. The law, however, has no such requirement.

The evidence showed that Cooper hit Blueitt and then immediately stole his truck. The fact that the theft occurred immediately after the assault is circumstantial evidence of Cooper's intent. A rational trier of fact could infer from these events that Cooper intended to take the truck at the time of the assault and, therefore, that the assault was committed in the course of the theft. The appellate court apparently wanted more evidence from which to infer Cooper's intent, but the issue is whether a rational jury could have inferred Cooper's intent from this evidence. Here, it could have easily done so.

With these comments, I join the opinion of the Court.

MEYERS, J., filed a dissenting opinion, in which PRICE, JOHNSON, and COCHRAN, J.J., joined.

The majority claims that the Court of Appeals has read too much into *Nelson v. State*, 848 S.W.2d 126 (Tex.Crim.App.1992) (plurality op.), *cert. denied*, 510 U.S. 830, 114 S.Ct. 100, 126 L.Ed.2d 66 (1993). *Coo-*

---

*See also White v. State*, 779 S.W.2d 809, 815 (Tex.Crim.App.1989), *cert. denied*, 495 U.S. 962, 110 S.Ct. 2575, 109 L.Ed.2d 757 (1990); *Ibanez*, 749 S.W.2d at 807.

4. 774 S.W.2d 229, 234 (Tex.Crim.App.1989), *cert. denied*, 494 U.S. 1060, 110 S.Ct. 1535, 108 L.Ed.2d 774 (1990).

5. 848 S.W.2d 126, 131–32 (Tex.Crim.App. 1992) (plurality op.), *cert. denied*, 510 U.S. 830, 114 S.Ct. 100, 126 L.Ed.2d 66 (1993).

6. *Cooper v. State*, 29 S.W.3d 901, 904 (Tex. App.-Beaumont 2000).

7. *Id.*

8. *Alvarado*, 912 S.W.2d at 207; *Moody*, 827 S.W.2d at 892; *O'Pry*, 642 S.W.2d at 762. *See also White*, 779 S.W.2d at 815; *Ibanez*, 749 S.W.2d at 807.

9. *McGee v. State*, 774 S.W.2d at 234; *Fierro v. State*, 706 S.W.2d 310, 313 (Tex.Crim.App. 1986), *cert. denied*, 521 U.S. 1122, 117 S.Ct. 2517, 138 L.Ed.2d 1019 (1997).

10. *Cooper*, 29 S.W.3d at 904–05.

*per v. State,* 67 S.W.3d 221 (Tex.Crim.App. 2001) (hereinafter cited as "Majority Op."). The Court of Appeals reads *Nelson* to stand for the proposition that although the immediacy of a theft is a factor to be considered when proving robbery, there must be additional evidence from which it can be inferred that a defendant formed the intent to commit a robbery either prior to or during the assault. *Cooper v. State,* 29 S.W.3d 901, 904 (Tex.App.-Beaumont 2000). The majority states that under the "general rule" pronounced in *McGee,* proof of a theft occurring immediately after an assault is enough evidence from which intent can be inferred. Majority Op. at 224. However, a closer look at the cases upon which the majority relies, in conjunction with the other cases which it fails to examine, makes it clear that not only was this never the "general rule," but it would be unwise to begin to treat it as such. Therefore, I respectfully dissent.

The majority asserts that this Court's holdings in *Ibanez v. State,* 749 S.W.2d 804 (Tex.Crim.App.1986) and *McGee v. State,* 774 S.W.2d 229 (Tex.Crim.App.1989), *cert. denied,* 494 U.S. 1060, 110 S.Ct. 1535, 108 L.Ed.2d 774 (1990) indicated that in a robbery case, the nexus between an assault and a robbery is sufficiently proven if the State proves that the theft occurred immediately after the assault. Majority Op. at 223. I have not read such a draft of *Ibanez.* On my reading of *Ibanez,* proof of a theft immediately following an assault, standing on its own, has never been sufficient to prove intent. In *Ibanez,* this Court was asked to determine whether there was enough evidence to sustain a conviction for capital murder. Appellant argued that at most, the evidence adduced at trial proved a murder and an unauthorized use of a motor vehicle. *Ibanez,* 749 S.W.2d at 805. As such, it was necessary to determine whether the State proved that appellant intentionally and knowingly

killed the deceased in the course of committing robbery. This Court turned to the robbery statute in order to determine the meaning of "in the course of committing." *Id.* at 807. However, the Court did not stop its analysis there but went on to explain:

> The State, in order to obtain a conviction, was bound to prove, beyond a reasonable doubt, that appellant committed the murder during the commission of a robbery. Since the State alleged the same assaultive conduct for both the murder and the robbery, it had to prove that the appellant intentionally strangled the deceased *with the intent to obtain control of the deceased's property.* A killing and unrelated taking of property do not constitute capital murder under 19.03(a)(2): the State must prove a nexus between the murder and theft, i.e. that the murder occurred in order to facilitate the taking of the property.

*Id.* It is apparent from *Ibanez* that the State would be required to show more than an assault followed by a theft in order to prove that the defendant intended to obtain the victim's property in the course of committing the assault.

The majority's characterization of *McGee* is also inaccurate. Although this Court held that "in the course of committing" is sufficiently proven if the State proves that the robbery occurred immediately after the commission of the murder, it nevertheless went on to discuss other evidence which tended to prove that appellant formed the intent to commit the robbery either during, or immediately after the commission of the murder:

> There is ample evidence that appellant committed a robbery either during or immediately after the commission of the murder. Crosby was found dead, brutally beaten, and his wallet and car were

missing. Andrew Sells testified that he and his friends saw appellant leaving Crosby's rental home in Crosby's car shortly after the time of the alleged murder. Appellant, who earlier that day borrowed a dollar for a can of Skoal, purchased clothing and jewelry for himself and his girlfriend later that evening.... While there is not evidence that appellant demanded money or property from Crosby before attacking him with the hammer, such evidence is not the talisman of an intent to steal; the intent may be inferred from the actions or conduct of appellant.

*McGee*, 774 S.W.2d at 234 (citations omitted; ellipses inserted).

The majority also fails to mention *White v. State*, 779 S.W.2d 809 (Tex.Crim.App. 1989), *cert. denied*, 495 U.S. 962, 110 S.Ct. 2575, 109 L.Ed.2d 757 (1990), another case which addressed the nexus issue in a capital murder case involving a robbery following a murder, decided on the same day as *McGee*. Interestingly, however, the so-called "general rule" which was stated in *McGee*, was never mentioned in *White*. Instead, this court discussed the importance of determining the point at which appellant "formulated his intent" to take the victim's property. *Id.* at 815. The Court explained that this determination was critical in differentiating between the commission of a capital murder in the course of robbery and the commission of a

first degree murder followed by theft from a corpse. *Id.*

In *Nelson* this Court clarified its position on the nexus requirement in capital murder jurisprudence. Appellant argued that based on his interpretation of prior case law,[1] this Court seemed to be suggesting that in all cases in which there was evidence that a theft occurred immediately after a murder, then the evidence would automatically support a jury finding of murder in the course of robbery. *Nelson*, 848 S.W.2d at 131. This Court clarified the holdings of its prior decisions and explained that it still recognized that it was possible to have murder followed by theft without having murder in the course of robbery. *Id.* at 131–132. The ultimate question then was whether the State had proven that the requisite intent to obtain or maintain control of the victim's property was present at the time of, or prior to, the murder. *Id.* at 132. If this requisite intent has not been proven, then the State will have shown a murder followed by a theft, and not murder in the course of robbery.

Since *Nelson*, this Court has had the opportunity to revisit the nexus issue on more than one occasion. Although the majority declares that *Nelson* has "limited precedential value" and that the holding in *McGee* is the controlling law, our cases have consistently followed the principles outlined in *Nelson*.[2]

---

1. In addition to citing *McGee*, appellant cited *Huffman v. State*, 746 S.W.2d 212 (Tex.Crim. App.1988).

2. *See, e.g., Zimmerman v. State*, 860 S.W.2d 89, 93 (Tex.Crim.App.1993), *vacated on other grounds*, 513 U.S. 1021, 115 S.Ct. 586, 130 L.Ed.2d 500 (1994) (relying on *Nelson* this Court stated, "[E]ven if the facts showed that appellant robbed the decedent's body after he had already died, that would not be dispositive." This Court went on to explain that the State must introduce evidence from which the

jury could rationally conclude that appellant formed the intent to obtain or maintain control of the victim's property either before or during the commission of the murder.); *Robertson v. State*, 871 S.W.2d 701, 705 (Tex. Crim.App.1993), *cert. denied*, 513 U.S. 853, 115 S.Ct. 155, 130 L.Ed.2d 94 (1994). ("If the State introduces evidence from which the jury could rationally conclude that appellant formed the intent to obtain or maintain control of the victim's property either before or during the commission of the murder, then

Under the "general rule" expounded by the majority, the State's job of proving robbery cases has just gotten a whole lot easier. Whenever a defendant commits a theft following an assault, the State is no longer required to meet its burden of proving every element of the offense beyond a reasonable doubt. Instead, the fact finder will be permitted to infer intent simply from the sequence of events.

The Court of Appeals was correct in holding that proof of an assault followed by a theft without a showing that the assault was committed with the intent of facilitating the theft is not enough to sustain a robbery conviction. *Cooper*, 29 S.W.3d at 904–905. The State failed to provide any evidence that appellant formed the requisite intent to steal Bluiett's truck either before or during his commission of the assault. According to Bluiett, following the scuffle that occurred in the back of the house between the two men, appellant "got up and left." Appellant then went to the front of the house, got into the truck, and using the keys that were already in the car, drove off. The Court of Appeals correctly concluded that there was no evidence from which a rational trier of fact could have found that appellant developed the requisite intent to take the truck either prior to, or during the assault. *Id.* The judgment of the Court of Appeals should be affirmed. I respectfully dissent.

the State 'has proven that a murder occurred in the course of robbery, although the element of appropriation occurred after the murder' ") (citing and quoting *Zimmerman*, 860 S.W.2d at 93) (citations omitted); *Alvarado v. State*, 912 S.W.2d 199, 207 (Tex.Crim.App. 1995) (proof of a robbery committed as an

afterthought and unrelated to a murder is not sufficient evidence of a capital murder); *Conner v. State*, 2001 Lexis 61, at *6, 2001 WL 1043248 *2 (Tex.Crim.App.2001) (same).