Affirmed and Memorandum Opinion filed May 20, 2004









Affirmed and Memorandum Opinion filed May 20, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00734-CR

____________

 

RICHARD WAYNE
SAUNDERS,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th
District Court

Harris County, Texas

Trial Court Cause No. 899,913

 



 

M E M O R A N D U M   O P I N I O N

The jury convicted appellant of robbery
and assessed punishment at five years= confinement,
probated, and a $1,000 fine.  In a single
issue, appellant contends the trial court erred by refusing to charge the jury
on the lesser-included offense of assault. 
We affirm.

FACTUAL BACKGROUND








On January 19, 2002, James Gatto noticed a
pickup truck blocking his car when he and Christy Lersch were leaving Einstein=s Pub in
Katy.  Brian Stanton was sitting in the
passenger seat of the truck and appellant was sitting in the passenger
seat.  Gatto asked Stanton to move the
truck and Stanton did so.

Stanton then asked him for
directions.  As Gatto replied, Stanton
got out of the truck and punched Gatto, who fell to the ground.  Appellant got out of the truck and joined
Stanton in kicking and punching Gatto.

After five or ten seconds, Stanton and
appellant fled the scene in the truck. 
Gatto pursued them in his car and called the police from Lersch=s cellular
phone.  An officer pulled Stanton=s truck over and
arrested Stanton and appellant.  Gatto=s cellular phone
and the contents of his wallet were found in Stanton=s truck, behind
the passenger seat occupied by appellant.

ANALYSIS

In his only issue, appellant contends the
trial court erred by refusing to charge the jury on the lesser-included offense
of assault.  Appellant argues that the
jury could have determined that he was guilty of assault instead of robbery
because there was some evidence that he did not intend to commit theft at the
time of the assault.

We apply a two-pronged test to determine
whether a defendant is entitled to a charge on a lesser-included offense.  Feldman v. State, 71 S.W.3d 738, 750
(Tex. Crim. App. 2002).  First, the
charge sought must actually be a lesser-included offense.  Id. 
Because assault is a lesser-included offense of robbery, this prong of
the test is satisfied.  See Tex. Penal Code '' 22.01(a),
29.02(a); Jones v. State, 984 S.W.2d 254, 256 (Tex. Crim. App.
1998).  Second, Athere must be some
evidence from which a rational jury could acquit the defendant of the greater
offense while convicting him of the lesser-included offense.@  Feldman, 71 S.W.3d at 750B51.








The second prong of the test may be
satisfied (1) if there is evidence that refutes or negates other evidence
establishing the greater offense, or (2) if the evidence presented is subject
to different interpretations.  Saunders
v. State, 840 S.W.2d 390, 391B92 (Tex. Crim.
App. 1992).  Anything more than a
scintilla of evidence raising the lesser-included offense will suffice, even if
the evidence was weak, impeached, or contradicted.  Jones, 984 S.W.2d at 257.

Therefore, in order for appellant to be
entitled to a charge on assault, there must be more than a scintilla of
evidence that the assault was not committed Ain the course of
committing theft . . . and with intent to obtain or maintain control of the
property.@  Tex. Penal Code 29.02(a).  Appellant does not contest that theft
occurred, but he argues that there is evidence that the assault was not
committed with the intent to commit the theft. 

The intent to commit theft can be formed
either before or during the assault.  Cf.
Alvarado v. State, 912 S.W.2d 199, 207 (Tex. Crim. App. 1995) (AIn order for a
murder to qualify as capital murder under ' 19.03(a)(2), the
killer=s intent to rob
must be formed before or at the time of the murder.@).  If appellant formed the intent to commit
theft after the assault was completed, he would not have committed
robbery.  Cf. Moody v. State,
827 S.W.2d 875, 892 (Tex. Crim. App. 
1992) (A[P]roof of a robbery committed as an
afterthought and unrelated to a murder would not provide sufficient evidence of
capital murder pursuant to Tex. Penal
Code Ann. ' 19.03(a)(2).@).  However, as a general rule, Aa theft occurring
immediately after an assault will support an inference that the assault was
intended to facilitate the theft.@  Cooper v. State, 67 S.W.3d 221, 224
(Tex. Crim. App. 2002).








The evidence that appellant relies on to
support the contention that he formed the intent to commit theft after the
assault can be categorized as (1) testimony that either Gatto started the fight
or that the fight started spontaneously, and (2) testimony that no one saw when
or how Gatto=s property was taken.[1]  Although testimony that either Gatto started
the fight or that the fight started spontaneously constitutes some evidence
that the intent to commit theft was not formed before the assault, it
does not negate the possibility that the intent to commit theft was formed during
the assault.  See Robertson v.
State, 871 S.W.2d 701, 706B07 (Tex. Crim.
App. 1993).  Nor does the lack of
evidence as to when or how Gatto=s property was
taken negate the possibility that the intent to commit theft was formed during
the assault; there must be some affirmative evidence that the intent was formed
after the assault was complete.  See
Hampton v. State, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003).  Because there was no evidence that, if
believed, would allow the jury to find appellant guilty only of assault, we
overrule his only issue.

We affirm the judgment of the trial court.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed May 20, 2004.

Panel
consists of Justices Fowler, Edelman, and Seymore.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  Appellant also
cites evidence that Lersch contradicted both herself and Gatto, but any such
contradictions do not constitute evidence negating intent.