IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00091-CR

 

David Contreras,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court # 2003-746-C

 



MEMORANDUM 
Opinion



 








       Appellant
appeals his conviction for criminal attempt to commit capital murder in the
course of robbery.  See Tex. Penal Code Ann.
§ 15.01(a) (Vernon 2003) (criminal attempt); Act of May 26,
 1993, 73d Leg., R.S.,
ch. 715, § 1, sec. (a)(2), 1993 Tex. Gen. Laws 2800, 2800 (amended 2003)
(current version at Tex. Penal Code Ann.
§ 19.03(a)(2) (Vernon Supp. 2004-2005)) (capital murder); Tex. Penal Code Ann. § 29.02(a)
(Vernon 2003) (robbery).  We will affirm.

       In
Appellant’s sole issue, he contends that the evidence was factually
insufficient.  “There is only one
question to be answered in a factual-sufficiency review:  Considering all of the evidence in a neutral
light, was a jury rationally justified in finding guilt beyond a reasonable
doubt?”  Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  

       Appellant
argues that the evidence that he attempted to commit capital murder in the
course of robbery was factually insufficient. 
“For a murder involving a theft to constitute a capital murder committed
in the course of a robbery, the intent to rob must be formulated before or at
the time of the murder.”  Herrin v. State, 125 S.W.3d 436, 441 (Tex. Crim. App. 2002).  “The general rule is . . . that a
theft occurring immediately after an assault will support an inference that the
assault was intended to facilitate the theft,” and thus the “evidence is
sufficient to prove murder ‘in the course of’ committing robbery in a capital
murder case if the State proves that the robbery occurred immediately after the
murder.” Cooper v. State, 67 S.W.3d
221, 223 (Tex. Crim. App. 2002); accord
McGee v. State, 774 S.W.2d 229, 234 (Tex. Crim. App. 1989).  Although Appellant argues that the attempted
murder and theft were “contiguous,” he points to contradictory evidence as to
which occurred first.  Appellant also
speculates that Appellant and the victim were fighting over a woman.  The State points to evidence that the victim
displayed his cash inside a bar, and that when the victim left the bar,
Appellant beat the victim to render him unconscious, then began to steal his
property.  When the victim regained
consciousness during the theft, Appellant shot him in the head.  On this evidence, viewed in a neutral light,
the jury was rationally justified in finding beyond a reasonable doubt that
Appellant attempted to kill the victim in the course of robbing him, in order
to facilitate the robbery.  We overrule
Appellant’s issue.




       Having
overruled Appellant’s issue, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

            Justice Vance, and

            Justice
Reyna

Affirmed

Opinion delivered and filed January 5, 2005

Do not publish

[CRPM]