Affirmed and Memorandum Opinion filed December 20, 2007








Affirmed and Memorandum Opinion filed December 20, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00893-CR

____________

 

JAMES EARL CUTSINGER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 10th
District Court

Galveston County, Texas

Trial Court Cause No. 04CR3051

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant James Earl Cutsinger of
intentionally causing the death of Daniel Kohlhofer in the course of committing
a robbery and sentenced him to life in prison.  In a single issue, appellant
claims the evidence is legally insufficient to support his conviction of
capital murder.  We affirm.

BACKGROUND








Appellant chose to testify in his own defense.  According
to appellant, early in the morning on November 28, 2004, Daniel Kohlhofer
pulled his truck over and asked appellant, who was walking down the road, if he
needed a ride.  Appellant accepted, saying he needed to get to the nearest
store.  After noticing they had passed two stores without stopping, appellant
became concerned.  Appellant asked Kohlhofer to stop the truck, and Kohlhofer
touched  appellant on the inside of his leg and said, AYou=ll be all right.@  Fearing
Kohlhofer intended to sexually assault him, appellant reached for the gun
tucked under his shirt, intending to force Kohlhofer to pull over.  Kohlhofer
reacted by hitting appellant twice with a coffee mug.  Appellant pulled his gun
out and pointed it at Kohlhofer, at which point a struggle for the gun ensued. 
The gun went off three times during the struggle, hitting Kohlhofer in the
chest and leg.  At this point the truck had stopped, and appellant opened the
door to get out.  As he was getting out, the gun went off a fourth time,
hitting Kohlhofer in the head and killing him.

Appellant dragged Kohlhofer out of the truck and left him
on the side of the road. Appellant walked back to the truck and then thought he
should attempt to hide Kohlhofer=s identity.  He
returned to the body and retrieved the wallet, which contained $1000 in cash,
from Kohlhofer=s pants.  Appellant drove Kohlhofer=s truck to a
deserted location and set it on fire.  Appellant did not remove from the truck
property belonging to Kohlhofer or the $443 in cash hidden in the center
console before burning the vehicle.  The discovery of Kohlhofer=s body later that
morning led to an investigation, and appellant was arrested one week later.

SUFFICIENCY OF THE EVIDENCE








Appellant contends the evidence is legally insufficient to
support the conviction for capital murder.  In evaluating a legal sufficiency
claim attacking a jury=s finding of guilt, we view the evidence
in the light most favorable to the verdict.  Wesbrook v. State, 29
S.W.3d 103, 111 (Tex. Crim. App. 2000).  We do not ask whether we believe the
evidence at trial established guilt beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 318B19 (1979).  Rather, we determine only
whether a rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt.  Cardenas v. State, 30 S.W.3d 384, 389
(Tex. Crim. App. 2000).  In our review, we accord great deference A>to the
responsibility of the trier of fact [to fairly] resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.=@  Clewis v.
State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996) (quoting Jackson,
443 U.S. at 319).  We presume that any conflicting inferences from the evidence
were resolved by the jury in favor of the prosecution, and we defer to that
resolution.  Id. 

For a murder to qualify as capital murder under section
19.03(a)(2) of the Texas Penal Code, the killer=s intent to rob
must be formed before or at the time of the murder.  Tex. Penal Code Ann. _ 19.03(a)(2) (Vernon 2007).  Proof
that the robbery was committed as an afterthought and was unrelated to the
murder is not sufficient.  Conner v. State, 67 S.W.3d 192, 197 (Tex.
Crim. App. 2001).  The State must prove a nexus between the murder and the
theft_that the murder
occurred in order to facilitate the taking of the property.  Ibanez v. State,
749 S.W.2d 804, 807 (1986) (en banc).  An intent to steal may be inferred from
the action or conduct of the defendant, such as evidence showing the theft
occurred immediately after the victim was murdered.  McGee v. State, 774
S.W.2d 229, 234 (Tex. Crim. App. 1989).  Even if there is no other evidence of
a nexus, that inference alone will support a conviction.  Cooper v. State,
67 S.W.3d  221, 224 (Tex. Crim. App. 2002).  The inference will not be negated
by evidence of an alternative motive that the jury could rationally disregard. 
Id. 








Appellant argues the evidence is insufficient to sustain a
conviction for capital murder because it does not show the murder was committed
in the course of a robbery.  Appellant claims that his alternative motive of
anger and disdain, in response to what he perceived as a homosexual advance, is
not a motive a rational jury could disregard.  The evidence put forth by the
defense consisted of: (1) testimony that Kohlhofer had been involved in a
homosexual relationship fifteen years earlier, (2) testimony by both appellant
and his stepmother that appellant had been sexually assaulted by a man when he
was fifteen years old, and (3) appellant=s testimony that
he did not kill Kohlhofer with the intent of robbing him.  Appellant argues
that setting fire to the truck without first searching the truck to discover
whether it held other money or valuable property lends credence to his
assertion that he did not kill with the intent to rob.

The State=s evidence included testimony by appellant=s former employer
that appellant earned seven dollars an hour working for him.  The employer
testified that prior to the offense, he did not see appellant with any money,
nor was he aware of appellant holding other employment at that time.  Kohlhofer=s brother and a
long-time employee of Kohlhofer testified they had no knowledge that Kohlhofer
was a homosexual.  The State also attempted to impeach the witness who
testified about Kohlhofer=s homosexuality with evidence that a
dispute with Kohlhofer and his girlfriend gave the witness a motive to seek
revenge.   








We conclude the evidence is legally sufficient to allow the
jury to reject appellant=s theory that he killed Kohlhofer in
self-defense to an attempted sexual assault and to conclude that appellant
killed Kohlhofer to rob him.  The State presented evidence showing (1) that
Kohlhofer was not homosexual and (2) a negative motive in order to discredit
the witness who testified to the contrary.  See Prince v. State, 192
S.W.3d 49, 60 (Tex. App._Houston [14th Dist.] 2006, pet. ref=d) (evidence
legally sufficient to support capital murder conviction because rational jury
could believe testimony elicited by State regarding robbery and disbelieve
appellant=s testimony that he did not intend to rob).  The jury
could have found that appellant had little or no money in the days prior to the
offense, and appellant admitted he took Kohlhofer=s wallet
immediately after killing him.  The general rule is that a theft immediately
following an assault supports an inference that the assault was intended to
facilitate the theft, and evidence showing an alternative motive that the jury
could rationally disregard will not negate this inference.  Cooper, 67
S.W.3d at 224.  Given the circumstances here, including the proximity in time
between appellant shooting Kohlhofer and taking his wallet and truck, a
rational jury could infer appellant committed the murder to facilitate robbing
Kohlhofer.  See Roberts v. State, 220 S.W.3d 521, 526 (Tex. Crim. App.
2007) (jury could infer appellant took property shortly after murder and murder
was committed during course of a robbery where victim=s missing property
was found in appellant=s possession on day following murder);
Cooper, 67 S.W.3d at 223B24 (robbery nexus supported by evidence
showing defendant=s financial difficulties gave him motive
to steal); McGee, 774 S.W.2d at 235 (circumstantial evidence showing
robbery occurred immediately after murder was legally sufficient to support
capital murder conviction); Fierro v. State, 706 S.W.2d 310, 313 (Tex.
Crim. App. 1986) (evidence appellant shot taxi driver, drove to a park, and
dragged body some distance before removing watch and wallet was sufficient for
rational jury to find murder occurred in course of robbery).

Accordingly, we overrule appellant=s single issue and
affirm the trial court=s judgment.

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed December 20, 2007.

Panel consists of
Justices Yates, Fowler, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).