IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00236-CV

 

Evelyn Little,

                                                                                    Appellant

 v.

 

Texas Dept. of Criminal Justice and 

Gary Johnson Executive Director,

                                                                                    Appellees

 

 



From the 278th District Court

Walker County, Texas

Trial Court No. 21,013C

 



ORDER










 

            On November 7, 2007, this Court ordered Appellant, Evelyn Little, to pay the past due original filing fee of $125
and a past due motion fee of $10 within 14 days from the date of the order. 
Little was also ordered to pay or make arrangements to pay the fees for the
preparation of the clerk’s record and the reporter’s record and simultaneously
notify the Court of her actions within 21 days from the date of the order.  The
 November 7, 2007 order was issued because the trial court had denied Little’s
request for her appellate fees to be waived on September 12, 2007.  This Court requires a separate notice of appeal to appeal an unfavorable indigence
determination.  See Baughman v. Baughman, 65 S.W.3d 309, 311 (Tex. App.—Waco 2001, pet. denied).  Little did not appeal that decision.  

            In response to the November 7, 2007 order, we did not receive payments of the past due amounts or a notice
that the record had been paid for, or that arrangements had been made for the
payment of the clerk’s and reporter’s fees.  Instead, we received a “Motion for
Mercy,” which was not served on the opposing parties’ counsel, with a $10
filing fee payment.

            In a letter dated December 6, 2007, the Clerk of this Court informed Little that the “Motion for Mercy” was not a motion
because it merely requested a copy of an order.  The $10 motion fee submitted
with the request for a copy was thus applied to a motion for which the filing
fee had not been paid.  The December 6, 2007 letter also reminded Little “that any document that requests relief of any type from the Court, as opposed to a
request for information or for copies addressed to the Clerk, must be served on
counsel for appellees and must be accompanied by proof of service, most
commonly in the form of a certificate of service on the document presented for
filing.  See Tex. R. App. P.
9.5.”

            Almost a week after sending this December 6, 2007 letter, we received a faxed request for an extension from Little. 
Specifically, Little requested that we not make our final decision on the merits
until she followed up on the appeal “of said denial of Indigency by the 278th
Judicial District Court….”  The filing fee and the fax fee for this request
were not paid.  No proof of service accompanied the request.  

            We could interpret this request as a
notice of appeal of the adverse indigence determination and a motion to abate
the appeal on the merits until the indigence order appeal is decided.  Even if
we interpreted the request in this way, it would be untimely and we would have
no jurisdiction to decide the merits of her indigence appeal.  The trial court
denied Little’s request to proceed on appeal without paying costs and fees on September 12, 2007.  Little’s request to this Court was filed December 12, 2007, two months too late.  See Tex. R. App.
P. 26.1.

            Accordingly, unless Little can show
why we have jurisdiction to review the merits of the adverse indigence
determination, Little is again ordered to pay the past due original filing fee
of $125, the past due motion fee of $10, and past due fax fee of $10 to this
Court within 14 days from the date of this Order.  If a satisfactory response
is not timely filed or the fees are not timely paid, this appeal will be
dismissed in accordance with Rule 42.3(c).  Tex.
R. App. P. 42.3(c).

            Further, unless Little can show why we
have jurisdiction to determine the merits of the adverse indigence
determination by the trial court, Little is again ordered to pay or make
arrangements to pay the fees for the preparation of the clerk’s record and the reporter’s
record and simultaneously notify the Court of the actions taken within 21 days
from the date of this order.  If Little fails to comply with this order as to
the reporter’s record, the appeal will be submitted on the clerk’s record
alone.  Tex. R. App. P.
37.3(c)(2).  If Little fails to comply with this order as to the clerk’s
record, the appeal will be dismissed for want of prosecution.  Tex. R. App. P. 37.3(b).

            If a response or another motion is
filed by Little, the response must be served on counsel for the appellees and
must be accompanied by proper proof of service.  Tex. R. App. P. 9.5.  If the response or motion is neither
served nor accompanied by proper proof of service, the response or motion will
not be acted upon by the Court.

 

                                                                        PER
CURIAM

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Order
issued and filed January 30, 2008







MEMORANDUM 
Opinion



 








       Appellant
appeals his conviction for criminal attempt to commit capital murder in the
course of robbery.  See Tex. Penal Code Ann.
§ 15.01(a) (Vernon 2003) (criminal attempt); Act of May 26,
 1993, 73d Leg., R.S.,
ch. 715, § 1, sec. (a)(2), 1993 Tex. Gen. Laws 2800, 2800 (amended 2003)
(current version at Tex. Penal Code Ann.
§ 19.03(a)(2) (Vernon Supp. 2004-2005)) (capital murder); Tex. Penal Code Ann. § 29.02(a)
(Vernon 2003) (robbery).  We will affirm.

       In
Appellant’s sole issue, he contends that the evidence was factually
insufficient.  “There is only one
question to be answered in a factual-sufficiency review:  Considering all of the evidence in a neutral
light, was a jury rationally justified in finding guilt beyond a reasonable
doubt?”  Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  

       Appellant
argues that the evidence that he attempted to commit capital murder in the
course of robbery was factually insufficient. 
“For a murder involving a theft to constitute a capital murder committed
in the course of a robbery, the intent to rob must be formulated before or at
the time of the murder.”  Herrin v. State, 125 S.W.3d 436, 441 (Tex. Crim. App. 2002).  “The general rule is . . . that a
theft occurring immediately after an assault will support an inference that the
assault was intended to facilitate the theft,” and thus the “evidence is
sufficient to prove murder ‘in the course of’ committing robbery in a capital
murder case if the State proves that the robbery occurred immediately after the
murder.” Cooper v. State, 67 S.W.3d
221, 223 (Tex. Crim. App. 2002); accord
McGee v. State, 774 S.W.2d 229, 234 (Tex. Crim. App. 1989).  Although Appellant argues that the attempted
murder and theft were “contiguous,” he points to contradictory evidence as to
which occurred first.  Appellant also
speculates that Appellant and the victim were fighting over a woman.  The State points to evidence that the victim
displayed his cash inside a bar, and that when the victim left the bar,
Appellant beat the victim to render him unconscious, then began to steal his
property.  When the victim regained
consciousness during the theft, Appellant shot him in the head.  On this evidence, viewed in a neutral light,
the jury was rationally justified in finding beyond a reasonable doubt that
Appellant attempted to kill the victim in the course of robbing him, in order
to facilitate the robbery.  We overrule
Appellant’s issue.




       Having
overruled Appellant’s issue, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

            Justice Vance, and

            Justice
Reyna

Affirmed

Opinion delivered and filed January 5, 2005

Do not publish

[CRPM]