Opinion filed August 13, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed August 13,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00332-CR 

                                                      _________

 

                                  MARY
ANN CASTILLO, Appellant

 

                                                             V.

                               
 STATE OF TEXAS, Appellee

 



 

                                          On
Appeal from the 42nd District Court

 

                                                          Taylor
County, Texas

 

                                                  Trial
Court Cause No. 22840A

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
jury convicted Mary Ann Castillo of aggravated robbery, found that she used a
deadly weapon, and assessed her punishment at confinement for five years.  We
affirm. 

Background
Facts








Appellant
and Adolfo Aguillon Jr. knew each other from work.  On the night of September
17, 2006, appellant, Aguillon, and Amely Sanchez were all at the same bar.  Appellant
invited Aguillon back to her house after the bar closed.  Aguillon had been to
appellant=s house on
prior occasions.  After stopping at a Skinny=s
convenience store to buy some beer, Aguillon went to appellant=s house.  When he arrived,
there were several people at the house, including Sanchez and appellant. 
Aguillon asked appellant if he could spend the night because he was too
impaired to drive home.  Appellant agreed.  Later, when everyone else had left
except for Aguillon, Sanchez, and appellant, Aguillon was sitting on the
couch.  Appellant sat on him and began hitting him with a hatchet on his chest
and head.  Appellant was screaming, AGive
me my f-----g money.  Give me my f-----g money.@ 
Sanchez held Aguillon=s
hands behind his head while appellant hit him.  Aguillon passed out, and when
he woke up, he was in the back of his pickup rolled up in a carpet from
appellant=s house. 
Aguillon was able to jump out of the pickup and get help.

Aguillon
was taken to the emergency room.  He had a five-inch long laceration on his
head that required thirteen staples to close.  He also had bruises on his head,
face, chest, abdomen, back, shoulder, elbow, and forearm.  Appellant stole
Aguillon=s rings,
necklace, and pendant that he was wearing.  Appellant also took over $200 from
Aguillon=s wallet and
his pickup.  Aguillon=s
pickup and other contents of his wallet were later recovered.

Issue
on Appeal

Appellant
asserts that the evidence is legally and factually insufficient to find her
guilty of aggravated robbery because she lacked the requisite intent to commit
theft at the time of the assault. 

Standard
of Review

In
order to determine if the evidence is legally sufficient, we review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Jackson v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). 
The factfinder is the sole judge of the credibility of the witnesses and the
weight to be given their testimony.  Adelman v. State, 828 S.W.2d 418,
421 (Tex. Crim. App. 1992).  The factfinder may choose to believe or disbelieve
all or any part of any witness=s
testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).








In
order to determine if the evidence is factually sufficient, we review all of
the evidence in a neutral light.  Watson v. State, 204 S.W.3d 404, 414
(Tex. Crim. App. 2006) (overruling in part Zuniga v. State, 144 S.W.3d
477 (Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex.
Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App.
1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). 
Then, we determine whether the evidence supporting the verdict is so weak that
the verdict is clearly wrong and manifestly unjust or whether the verdict is
against the great weight and preponderance of the conflicting evidence.  Watson,
204 S.W.3d at 414-15; Johnson, 23 S.W.3d at 10-11.

Discussion

A
person commits aggravated robbery if, during the course of committing theft of
property and with the intent to obtain or maintain control of the property, she
intentionally, knowingly, or recklessly causes serious bodily injury to another
or uses or exhibits a deadly weapon.   Tex.
Penal  Code Ann. '
29.03(a)(1), (2) (Vernon 2003).  A[C]ourse
of committing@ means
conduct that occurs in an attempt to commit, during the commission, or in
immediate flight after the attempt of commission of theft.  Tex. Penal Code Ann. ' 29.01(1) (Vernon 2003). 
Intent may be inferred from the acts, words, and conduct of the accused.  Guevara
v. State, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004).  The intent to rob must
be formed at the time of the assault.  Alvarado v. State, 912 S.W.2d
199, 207 (Tex. Crim. App. 1995).  Proof of theft committed as an afterthought
and unrelated to the assault is not sufficient evidence of robbery.  Alvarado,
912 S.W.2d at 207.  However, if there is evidence that the defendant formed the
intent to obtain or maintain control of the victim=s property either before or during the
commission of the assault, then the State has proved that the theft occurred in
the course of the assault.  Conner v. State, 67 S.W.3d 192, 197 (Tex.
Crim. App. 2001).  Theft occurring immediately after an assault will support an
inference that the assault was intended to facilitate the theft.  Cooper v.
State, 67 S.W.3d 221, 224 (Tex. Crim. App. 2002).  This inference is not
negated when there is evidence of an alternative motive that the jury could
rationally disregard.  Id.

Appellant
argues that she had not formed the requisite intent to deprive Aguillon of his
property prior to the time of the assault and that, therefore, her conduct can
only constitute assault or aggravated assault.  Appellant argues that the
testimony of Sanchez and Aguillon showed that appellant attacked Aguillon out
of revenge and to get her money back that she believed he had taken from her. 

Aguillon
testified that appellant was screaming at him (about giving her the money)
while hitting him with the hatchet but that he did not know what she was
talking about.  On cross-examination, Aguillon denied having taken any money
from appellant and again stated that he did not know anything about someone
stealing money from appellant.








Sanchez
testified that appellant told her that Aguillon had stolen money out of her
purse about three weeks prior to this incident.  Sanchez testified that, while
appellant was  hitting Aguillon with the hatchet, they were arguing about the
money that he had stolen from her.  Sanchez testified that Aguillon said he was
sorry and that he would never do it again.  She stated that, in her mind, that
meant he had stolen the money from appellant.  However, Sanchez further
testified that she had no proof that Aguillon had taken the money and that she
did not mention Aguillon=s
apology in two statements given to the police.  Sanchez also denied holding
Aguillon down for any extended period of time, even though she admitted his
injuries were consistent with his arms being held.

In
this case, the evidence is legally and factually sufficient to show that the
assault on Aguillon happened during the commission of the theft.  Appellant
took Aguillon=s
jewelry, cash, and pickup after he lost consciousness.  The theft occurred
right after the assault and supports the inference that the assault was used to
facilitate the taking of the property.  Appellant tried to elicit evidence that
the assault was only for revenge against Aguillon for allegedly stealing from
her.  However, only the testimony of Sanchez supports this theory, which the
jury was free to disbelieve.  The evidence shows that appellant had the intent
to steal back whatever she thought Aguillon had stolen from her.  The jury
could rationally disregard defendant=s
theory that her motive for the assault was revenge.  See Cooper, 67
S.W.3d at 224.  We overrule appellant=s
issue on appeal.

Conclusion

The
judgment of the trial court is affirmed. 

 

 

RICK STRANGE

JUSTICE

 

August 13, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.