**Affirmed and Majority and Concurring Opinions filed July 30, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00630-CR

---

**BAASHUA RONEL BALTRIP, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 1675184**

---

### CONCURRING OPINION

Aggravated robbery requires sufficient evidence that appellant committed an assault in the course of committing theft. *See Sorrells v. State*, 343 S.W.3d 152, 155–56 (Tex. Crim. App. 2011). "In the course of committing theft" is defined by § 29.01 of the Penal Code to mean "conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." Tex. Penal Code Ann. § 29.01(1); *see Sorrells*, 343 S.W.3d at 155–56. Generally, proof that a theft occurred immediately after an assault will support an

inference that the assault was intended to facilitate the theft. *Cooper v. State*, 67 S.W.3d 221, 224 (Tex. Crim. App. 2002). Although the Court of Criminal Appeals stated in *Cooper* that "even if there is no other evidence of a nexus, th[e] inference will support a conviction," 67 S.W.3d at 224, the cases since *Cooper* have provided additional evidence to support the nexus between the assault and the theft.

For example, in *Sorrells*, the complainant's testimony that his necklace was missing immediately after an assault was accompanied by (1) testimony from a witness who saw the necklace on the ground during the assault, (2) testimony from police who found the necklace in the pocket of a jacket belonging to the defendant, and (3) testimony from the complainant and two witnesses identifying defendant as the assailant. *Sorrells*, 343 S.W.3d at 154.

In a case cited by the majority, *Razor v. State*, the defendant had knocked the complainant unconscious after seeing her place money in her bra. When she regained consciousness, the money, her purse, and her shoes were missing. *See Razor v. State*, No. 03-13-00568-CR, 2015 WL 3857293, at *3 (Tex. App.—Austin June 17, 2015, no pet.) (mem. op., not designated for publication). Similarly, the "combined and cumulative force of the evidence" in *Collins v. State* showed that the defendant assaulted the complainant, demanded the complainant's property, and took a wallet from the complainant's pocket. *See Collins v. State*, No. 01-17-00539-CR, 2018 WL 3848789, at *3–4 (Tex. App.—Houston [1st Dist.] Aug. 14, 2018, pet. ref'd) (mem. op., not designated for publication).

An unpublished case from Texarkana has similar facts to the instant case. A mother and daughter were assaulted at gunpoint while entering their home. *See Abdullah v. State*, No. 06-13-00257-CR, 2014 WL 6450482, at *1 (Tex. App.—Texarkana Nov. 18, 2014, pet. ref'd) (mem. op., not designated for publication).

After police arrived, the mother noticed that her unlocked car's door was open and her wallet was missing from the passenger seat. *Id.* at *1. The court of appeals concluded the evidence was sufficient to prove the nexus requirement between the assault and theft. *Id.* at *2–3.

Here, based on the evidence, the theft could have occurred during the assault, or immediately thereafter. The complainant testified that during the assault, "I don't know what happened. I don't know how he got it. Whether it fell out of my pocket when he knocked me down on the patio or what; but when he got up, it was gone." The complainant further testified that he always kept his wallet in his back pocket and that it was not there after the assault; he also testified that just prior to the assault, appellant had somebody else with him.[1] It is within the province of the jury to determine which testimony to believe or disbelieve; however, the evidence in this case is barely sufficient to support the jury's verdict.

---

[1] In his testimony, the complainant testified that when he first saw appellant, appellant "stayed in the driveway like three or four minutes" before leaving. The complainant then testified that appellant returned in a few minutes "with another."

The complainant specified that this "second time," appellant went to the back of the neighbor's house, just prior to the assault. The complainant confronted appellant by calling out, "What are *y'all* doing back there?" [emphasis added]

Complainant testified to the following regarding the assault:

Q: Well, right before he assaulted you, he had to go within a couple of feet of you, correct?

Q: That was a couple of feet from me.

Q: Was that person alone or with somebody?

Q: First time, he was alone; but the last time, he had somebody else with him.

I concur with the majority opinion that the jury's verdict should be affirmed, but express concern regarding the dearth of evidence.


/s/    Margaret "Meg" Poissant
Justice


Panel consists of Justices Wise, Zimmerer, and Poissant. (Wise, J., majority).

Publish — Tex. R. App. P. 47.2(b)

4